UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TRUSTEES OF THE LOCAL 7 TILE INDUSTRY
WELFARE FUND, TRUSTEES OF THE LOCAL 7
TILE INDUSTRY ANNUITY FUND, TRUSTEES OF
THE TILE LAYERS LOCAL UNION 52 PENSION
FUND, and TRUSTEES OF THE BRICKLAYERS &
TROWEL TRADES INTERNATIONAL PENSION
FUND,

                                **Case No.:** 1:21-cv-114 (BMC)

                   Plaintiffs,

                                  <u>**ANSWER**</u>

        -against-

SESSO TILE & STONE CONTRACTORS, INC.,

                   Defendants.
------------------------------------------------------------------X

     Defendant, Sesso Tile & Stone Contractors, Inc. (hereinafter "Sesso" or "Defendant"), by and through its attorneys, Milman Labuda Law Group PLLC, hereby answers the Complaint of Plaintiffs, Trustees of the Local 7 Tile Industry Welfare Fund, the Local 7 Tile Industry Annuity Fund, Trustees of the Tile Layers Local Union 52 Pension Fund, and Trustees of the Bricklayers & Trowel Trades International Pension Fund (hereinafter "Plaintiffs" or "Trustees") as follows:

<strong>AS TO "NATURE OF THE ACTION"</strong>

   1.  Defendant admits that this action is brought under 29 U.S.C. §§ 1132(a)(3) and 29 U.S.C. § 185, but denies that it committed any violation pusuant to these statutes and/or that Plaintiffs are entitled to relief.  Defendant denies the remaining allegations contained in ¶ 1 of the Complaint.

<strong>AS TO "JURISDICTION AND VENUE"</strong>

   2.  ¶ 2 of the Complaint purports to set forth legal conclusions to which no response is required.  To the extent that ¶ 2 sets forth any allegations of fact to which a response is required, Defendant denies those allegations.

3.  ¶ 3 of the Complaint purports to set forth legal conclusions to which no response is required.  To the extent that ¶ 3 sets forth any allegations of fact to which a response is required, Defendant denies those allegations.

### AS TO "THE PARTIES"

4.  Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 4 of the Complaint.

5.  Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 5 of the Complaint.

6.  Defendant denies the allegations of ¶ 6 of the Complaint.  Additionally, ¶ 6 of the Complaint purports to set forth legal conclusions to which no response is required.  To the extent that ¶ 6 sets forth any allegations of fact to which a response is required, Defendant denies those allegations.

### AS TO "FACTUAL ALLEGATIONS"

7.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 7 of the Complaint.  Additionally, ¶ 7 of the Complaint purports to set forth legal conclusions to which no response is required.  To the extent that ¶ 7 sets forth any allegations of fact to which a response is required, Defendant denies those allegations.

8.  Defendant denies the allegations contained in ¶ 8 of the Complaint.

9.  Defendant denies the allegations contained in ¶ 9 of the Complaint.

10. Defendant denies the allegations contained in ¶ 10 of the Complaint.

11. Defendant denies the allegations contained in ¶ 11 of the Complaint.

12. Defendant denies the allegations contained in ¶ 12 of the Complaint.

13. Defendant denies the allegations contained in ¶ 13 of the Complaint.

14. Defendant denies the allegations contained in ¶ 14 of the Complaint.

15. Defendant denies the allegations contained in ¶ 15 of the Complaint.

16. Defendant denies the allegations contained in ¶ 16 of the Complaint.

## AS TO "PLAINTIFFS' FIRST CAUSE OF ACTION AGAINST DEFENDANT SESSO"
*(Violation of ERISA)*

17. Defendant repeats, reiterates, and reallages each and every allegation set forth above with the same force and effect as if more fully set forth herein.

18. Defendant admits that Plaintiffs make certain allegations contained in ¶ 18 of the Complaint concerning the basis of their claims, but deny that Plaintiffs are entitled to any relief.

19. Defendant denies the allegations contained in ¶ 19 of the Complaint.

20. Defendant denies the allegations contained in ¶ 20 of the Complaint.

21. Defendant denies the allegations contained in ¶ 21 of the Complaint.

22. Defendant denies the allegations contained in ¶ 22 of the Complaint.

## AS TO "PLAINTIFFS' SECOND CAUSE OF ACTION AGAINST DEFENDANT SESSO"
*(Violation of LMRA)*

23. Defendant repeats, reiterates, and reallages each and every allegation set forth above with the same force and effect as if more fully set forth herein.

24. Defendant denies the allegations contained in ¶ 24 of the Complaint.

25. Defendant admits that Plaintiffs make certain allegations contained in ¶ 25 of the Complaint concerning the basis of their claims, but deny that Plaintiffs are entitled to any relief.

26. Defendant denies the allegations contained in ¶ 26 of the Complaint.

27. Defendant denies the allegations contained in ¶ 27 of the Complaint.

28. Defendant denies the allegations contained in ¶ 28 of the Complaint.

## DEFENDANT DEMANDS TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendant demands a trial by jury on all questions of fact raised in this case.

## AFFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

29. With respect to all claims for relief contained in the Complaint, Plaintiffs have failed to state a cause of action upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

30. Plaintiffs have failed to exhaust available contractual and/or administrative remedies.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

31. All payments and contributions due to the Plaintiffs, if any, have been fully paid, and Defendant otherwise owes no duty or debt to Plaintiffs and such payment constitutes a complete defense to the Complaint.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

32. Defendant is not liable for the relief sought because of the doctrine of "mutual mistake."

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

33. Defendant is not liable for the relief sought because it was fraudulently induced to enter into any alleged agreement.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

34. Defendant is not liable for the relief sought because there was no mutual assent between it and Plaintiffs.

<u>AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE</u>

35. The documents requested by Plaintiffs during a payroll audit of Defendant's books and records were overly broad.

<u>AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE</u>

36. The relief Plaintiffs seek is precluded by the defense of waiver.

<u>AS AND FOR A NINTH AFFIRMATIVE DEFENSE</u>

37. Defendant is entitled to a setoff of any monies already paid to Plaintiffs.

<u>AS AND FOR A TENTH AFFIRMATIVE DEFENSE</u>

38. Plaintiffs' claims are barred by the doctrine of laches, unclean hands, and/or estoppel.

<u>AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE</u>

39. Plaintiffs' claims are barred in whole or in party because they failed to mitigate their damages.

<u>AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE</u>

40. Plaintiffs' claims are barred in whole or in part because it seeks to collect benefits for non-union workers.

<u>AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE</u>

41. Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations.

<u>AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE</u>

42. The Complaint is barred by the doctrine of unjust enrichment.

<u>AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE</u>

43. The allegations contained in the Complaint do not establish that the Defendant and any unidentified "related or affiliated companies" or "Sesso's subcontractors" constitute a single employer, an alter ego and/or successor of each other.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

44. Defendant does not owe any delinquent contributions pursuant to 29 U.S.C. § 1145.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

45. Some or all of Plaintiffs' alleged damages are a result of Plaintiffs' own failures, inactions, actions, or omissions.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

46. Plaintiffs' claims are barred because the Audit's findings relate to payroll unrelated to any Covered Work.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

47. To the extent Plaintiffs have suffered any injury, which is denied, that injury is the result of Plaintiffs' own acts or omissions and not any act or omission of Defendants.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

48. The results of the audit(s) performed by the Funds' auditors to determine the amount of contributions allegedly owed by Defendant Showtime to the Funds are flawed, inaccurate, erroneous, and inflated.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

49. At all relevant times, Defendant complied with all requirements of ERISA and LMRA.

## AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

50. Defendant is not a successor to and/or alter ego to any non-party.

## AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

51. If Defendant is found to have failed to pay Plaintiffs any amounts due, which Defendant denies, Defendant is entitled to credits and/or set off any overpayments or other sums owed by Plaintiffs against any judgment.

6

<u>AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE</u>

52. Plaintiffs' claims, in whole or in part, are preempted by ERISA.

<u>AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE</u>

53. Plaintiffs' claims in the Complaint are barred, in whole or in part, because Plaintiffs lack

standing to assert the claims raised therein.

<u>AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE</u>

54. Plaintiffs' claims are barred, in whole or in part, because Defendants did not enter into and

are not bound by any agreement that obligates Defendants to pay the benefit fund contributions

sought in this action.

<u>AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE</u>

55. The Complaint is presented in conclusory and vague terms, which prevents Defendant from

anticipating all affirmative defenses and claims that may be applicable in this action.  Therefore,

to the extent permitted under the Federal Rules of Civil Procedure and applicable case law,

Defendants reserve the right to assert additional defenses or claims that may become known during

the course of discovery.

**WHEREFORE**, for all the reasons set forth above, Defendant Sesso hereby prays for an

Order dismissing the Complaint of the Plaintiffs and each and every part thereof, for the reasonable

cost and disbursements of this action, including reasonable attorneys' fees, and for such other and

further relief as this Honorable Court may deem just, proper, and equitable.

Dated: Lake Success, New York
       February 5, 2021

                                    **MILMAN LABUDA LAW GROUP PLLC**

                                    __/s Robert F. Milman, Esq._____
                                    Robert F. Milman, Esq.
                                    Emanuel Kataev, Esq.
                                    3000 Marcus Avenue, Suite 3W8
                                    Lake Success, NY 11042-1073
                                    (516) 328-8899 (office)
                                    (516) 328-0082 (facsimile)
                                    rob@mllaborlaw.com
                                    emanuel@mllaborlaw.com

                                    *Attorneys for Defendant*