UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE LOCAL 7 TILE INDUSTRY WELFARE FUND, TRUSTEES OF THE LOCAL 7 TILE INDUSTRY ANNUITY FUND, TRUSTEES OF THE TILE LAYERS LOCAL UNION 52 PENSION FUND, and TRUSTEES OF THE BRICKLAYERS & TROWEL TRADES INTERNATIONAL PENSION FUND,

           Plaintiffs,

-against-

SESSO TILE & STONE CONTRACTORS INC.,

           Defendant.

21 CV 0114 (BMC)

**CIVIL CASE MANAGEMENT PLAN**

---

**COGAN**, District Judge

  After consultation with counsel for the parties, the following Case Management Plan is adopted. This plan is also a scheduling order pursuant to Federal Rules of Civil Procedure 16 and 26(f).

**A.** The case is not to be tried to a jury.

**B.** Non-Expert Discovery:

 **1.** The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of New York. All non-expert discovery is to be completed by August 10, 2021, which date shall not be adjourned except upon a showing of good cause and further order of the Court. Interim deadlines for specific discovery activities may be extended by the parties on consent without application to the Court, provided the parties are certain that they can meet the discovery completion date.

 The parties shall list the contemplated discovery activities and anticipated completion dates in Attachment A, annexed hereto.

    **2.**    Joinder of additional parties must be accomplished by <u>April 15, 2021</u>.

    **3.**    Amended pleadings may be filed without leave of the Court until <u>April 15, 2021</u>.

**C.**    For all causes of action seeking monetary damages, each party shall identify and quantify in Attachment B, annexed hereto, each component of damages alleged; or, if not known, specify and indicate by what date Attachment B shall be filed providing such information.

**D.**    Motions:

    **1.**    Upon the conclusion of non-expert discovery, and no later than the date provided below, the parties may file dispositive motions. The parties shall agree to a schedule and promptly submit same for the Court's approval, providing for no more than three rounds of serving and filing papers: supporting affidavits and briefs, opposing affidavits and briefs, and reply affidavits and briefs.

    **2.**    The last day for filing a letter, pursuant to Rule III.A.2 of the Court's Individual Practices, requesting a premotion conference in order to file dispositive motions shall be <u>August 17, 2021</u>. (Counsel shall insert a date one week after the completion date for non-expert discovery.)

        a.    There shall be no cross-motions. Any motions not made by the agreed date shall, unless the Court orders otherwise, not be considered until after the timely-filed motion is determined.

        b.    Papers served and filed by the parties shall conform to the requirements set out in the Court's Individual Practices.

**E.**    Any request for relief from a date provided in this Case Management Plan shall conform to the Court's Individual Practices and include an order, showing consents and disagreements of all counsel, setting out all dates that are likely to be affected by the granting of the relief requested, and proposed modified dates. Unless and until the Court approves the proposed order, the dates provided in this Plan shall be binding.

**F.** Pre-Trial Motions:

Applications for adjournments and for discovery or procedural rulings will reflect or contain the positions of all parties, as provided by the Court's Individual Rules, and are not to modify or delay the conduct of discovery or the schedules provided in this Case Management Plan except upon leave of the Court.

**SO ORDERED.**

Dated: Brooklyn, New York
\_\_\_\_\_ \_\_, 20

U.S.D.J.

## ATTACHMENT A

**The Parties are to list the discovery activities (i.e., production of documents, number of depositions, requests to admit, interrogatories) and anticipated completion dates:**

| DISCOVERY ACTIVITIES | COMPLETION DATE |
|---|---|
| **1. Disclosure of Rule 26 Initial Disclosures** | February 19, 2021 |
| **2. Service on Opposing Party of Rule 33 Interrogatories and Rule 34 Requests for the Production of Documents** | March 9, 2021 |
| **3. Deadline to Response to Rule 33 Interrogatories and Rule 34 Requests for the Production of Documents** | April 12, 2021 |
| **4. Deadline to Complete Depositions** | June 10, 2021 |
| **5. Deadline to Complete Third-Party Discovery** | July 10, 2021 |
| **6. Deadline to Complete Fact Discovery** | August 10, 2021 |
| **7. Deadline to File Pre-Motion Conference Letter** | August 17, 2021 |
| **8.** | |
| **9.** | |
| **10.** | |

# ATTACHMENT B

**For all causes of action seeking monetary damages, each party shall identify and quantify each component of damages alleged:**

1. **PLAINTIFF'S CLAIMS:**

    Under Plaintiffs' first cause of action for Defendant's alleged violation of Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132, 1145, for failure to remit contributions to Plaintiffs in accordance with the terms and conditions of Defendant's collective bargaining agreement, Plaintiffs are seeking monetary damages of $1,197,557.38 from Defendant, consisting of: (1) delinquent contributions of $814,544.68; (2) interest of $236,655.10; (3) liquidated damages of $143,157.60; and (4) audit costs of $3,200, plus Plaintiffs' attorneys' fees and costs incurred in connection with this action, pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), and any other delinquent contributions identified in this action and any interest that accrues during this action.

    Under Plaintiffs' second cause of action for Defendant's violation of Section 301 of the Labor Management Relations Act of 1947 (the "LMRA"), 29 U.S.C. § 185, for failure to remit contributions to Plaintiffs in accordance with the terms and conditions of Defendant's collective bargaining agreement, Plaintiffs are seeking monetary damages of $1,197,557.38 from Defendant, consisting of: (1) delinquent contributions of $814,544.68; (2) interest of $236,655.10; (3) liquidated damages of $143,157.60; and (4) audit costs of $3,200, plus Plaintiffs' attorneys' fees and costs incurred in connection with this action, pursuant to Section 301 of the LMRA, 29 U.S.C. § 185, and any other delinquent contributions identified in this action and any interest that accrues during this action.

2. **COUNTERCLAIMS AND CROSS-CLAIMS:**

    N/A

3. **THIRD-PARTY CLAIMS:**

    N/A